**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4683**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

ANES SUBASIC, a/k/a Mladen Subasic,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:09-cr-00216-FL-3)

———————

Submitted: April 7, 2014        Decided: April 25, 2014

———————

Before WILKINSON, KING, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eric A. Bach, Charlotte, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Federal juries convicted Anes Subasic of conspiracy to provide material support to terrorist groups, in violation of 18 U.S.C.A. § 2339A (West Supp. 2013); conspiracy to murder, maim, or kidnap others, in violation of 18 U.S.C. § 956(a) (2012); procuring naturalized citizenship by providing false information, in violation of 18 U.S.C. § 1425(a) (2012); and providing false information on an application for an immigration benefit, in violation of 18 U.S.C. § 1425(a). The district court sentenced Subasic to a total of 360 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Subasic challenges the district court's admission of foreign records of his prior criminal charges and convictions at his immigration trial, arguing that the records were not properly authenticated and that the admission of a record of a conviction obtained in Subasic's absence violated Fed. R. Evid. 403. "We review evidentiary rulings of the district court for abuse of discretion." United States v. Caro, 597 F.3d 608, 633 (4th Cir. 2010) (internal quotation marks and citation omitted). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted).

The proponent of an item of evidence must satisfy the requirement of authenticating or identifying that item of evidence by "produc[ing] evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a); see also United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992). "The burden to authenticate under Rule 901 is not high — only a prima facie showing is required." United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009) (internal quotation marks and citation omitted). With regard to public documents, examples of evidence that satisfy this requirement include evidence that a document was recorded or filed in a public office or a record is from the office where items of its kind are kept. Fed. R. Evid. 901(b)(7).

In addition, a district court should exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay or redundancy." United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403). "Prejudice, as used in Rule 403, refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Id. (citations omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in admitting the foreign records at Subasic's trial on the immigration charges.

3

Subasic also challenges the district court's order qualifying the Government's witness Evan Kohlmann as an expert in various aspects of Islamic extremism and allowing his testimony at Subasic's trial for the terrorism charges. We conclude that the court did not abuse its discretion in qualifying Kohlmann as an expert and admitting his testimony regarding extremism. See United States v. Hassan, 742 F.3d 104, 131 (4th Cir. 2014) (finding no abuse of discretion in order qualifying Kohlmann as expert and allowing his testimony at the trial of Subasic's codefendants).

Accordingly, we affirm the judgment of the district court and deny Subasic's motion for copies of his special administrative measures. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED